UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MASSACHUSETTS | ) |
| BOARD OF BAR OVERSEERS | ) |
| | ) |
| Defendant. | ) |

## DECLARATORY JUDGMENT COMPLAINT

### PRELIMINARY STATEMENT

1. This is action for declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2001-2202, and Rule 57 of Federal Rules of Civil Procedure.

2. The plaintiff, Michael Kelley is an attorney licensed to practice law within the Commonwealth of Massachusetts predominately representing individuals seeking disability benefits from the Social Security Administration and/or the Department of Veterans Affairs;

3. The defendant, Massachusetts Board of Bar Overseers, is an department of the Secretary of State which oversees the licensing and conduct of attorneys within the Commonwealth of Massachusetts;

4. The Defendant has proposed to suspend the Plaintiff from the practice of law for three months for failing to provide a former client's file to successor council and for allegedly releasing prejudicial information about a former client in an affidavit to the Federal Court. Plaintiff argues that the aforementioned client files contained VA medical records which could not be

released to a third party without a specific authorization pursuant to Federal Law. Plaintiff further argues that the information stated within an affidavit submitted to the District Court was not prejudicial to his former client but pertinent to the Motion to Vacate;

5. The Plaintiff is likely to sustain significant harm if the Defendant is allowed to interpret Federal Laws and Regulations improperly;

6. The Plaintiff is likely to sustain significant harm if the Defendant is allowed to interpret the relevance of the alleged prejudicial affidavit filed in the District Court;

## JURISDICTION

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332;

8. An actual controversy exists between the Parties within the meaning of 28 U.S.C. §1331;

9. This Court has jurisdiction to review and interpret Federal Laws and Regulations pursuant to the Constitution of the United States;

10. This Court has jurisdiction to review and clarify its prior decisions;

11. The Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1383(c)(3);

## PARTIES

12. The plaintiff, Michael Kelley, is an attorney licensed by the Commonwealth of Massachusetts who predominately represents Veterans seeking benefits from the Social Security Administration and the Department of Veterans Affairs;

13. The Plaintiff's primary office is located at 44 School Street, Boston, MA 02108;

14. The defendant, Massachusetts Board of Bar Overseers, is an department of the Secretary of State which oversees the licensing and conduct of attorneys within the Commonwealth of Massachusetts;

15. The Massachusetts Board of Bar Overseers primary office is located on 99 High Street, Boston, MA 02110;

## FACTS - BRENNAN

16. The Plaintiff filed an appeal of a final decision of the Social Security Administration denying disability benefits (<u>Brennan v. Colvin</u>, 14cv10602) on March 8, 2014;

17. Mr. Brennan failed to assist in providing the paperwork necessary to complete the filing of the appeal;

18. <u>Brennan v. Colvin</u> was dismissed without prejudice on May 20, 2014;

19. The Plaintiff never received a response from Mr. Brennan;

20. Mr. Brennan's sister, who is an attorney actively practicing within the Commonwealth of Massachusetts, contacted the Plaintiff in February 2016 and was provided with a written explanation of why the Appeal was dismissed;

21. On March 20, 2017, Mr. Brennan's sister filed a Motion to Vacate the May 20, 2014 dismissal placing the responsibility of the dismissal on the Plaintiff;

22. On March 31, 2017, the Plaintiff filed an Affidavit with the District Court setting forth the

facts surrounding the dismissal approximately three years earlier;

23. Motion to Vacate was denied with the reasoning that Mr. Brennan's sister failed to timely file the Motion upon notice of the dismissal;

24. Mr. Brennan's sister filed a complaint with Massachusetts Board of Bar Overseers;

25. The Plaintiff was cited by the Defendant for providing information prejudicial or embarrassing to the District Court in his Affidavit dated March 31, 2017;

26. Social Security Appeals are sealed pursuant to the Federal Rules of Evidence. Therefore, this information was not released to the public;

27. The offending information was discovered by the Plaintiff in Mr. Brennan's local newspaper; Mr. Brennan's sister testified before the Board of Bar Overseers that he was not embarrassed by the information published in the newspaper;

28. Mr. Brennan has not denied the truth or voracity of the offending information;

29. The Plaintiff contends that he was allowed to inform the Court of the information contained within the Affidavit dated March 31, 2017 as it was pertinent to the Motion before the Court;

**FACTS – MALO/JEFFS**

30. The Plaintiff represented both Mr. Malo and Jeffs in their quest to receive benefits from the Department of Veterans Affairs;

31. Mr. Malo and Jeffs both retained a new representative named Butler who is an attorney

licensed in Pennsylvania;

32. Mr. Malo has since terminated Attorney Butler and has retained the Plaintiff again;

33. Attorney Butler requested a copy of both Malo and Jeffs files;

34. The Plaintiff informed Attorney Butler that the file release provided was inadequate to release the VA medical information contained within the file;

35. Attorney Butler refused to provide a HIPPA equivalent release signed by Malo or Jeffs;

36. Attorney Butler insisted that the files be sent directly to her residence;

37. The Plaintiff did provide Mr. Malo with a copy of his file after he terminated Attorney Butler but before he again retained the Plaintiff;

38. The Plaintiff did not have a current address for Mr. Jeffs;

39. The Plaintiff refused to release the records to Attorney Butler without the proper authority;

40. The VA requires a HIPPA release signed the Veteran before records can be released to a third party;

41. Attorney Butler filed a Complaint with the Board of Bar Overseers;

42. The Defendant has cited the Plaintiff for failure to provide Malo and Jeffs with their files;

## CAUSES OF ACTION

### COUNT I

**Declaratory Judgment that the Information Provided to the District Court in the Affidavit**

5

**dated March 31, 2017 was Pertinent to the Motion to Vacate**

43. The Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint;

44. The information provided to the District Court in the Affidavit dated March 31, 2017 was pertinent to the Motion to Vacate as it explained the large gaps in the Brennan siblings inaction in addressing the dismissal of Mr. Brennan's Social Security Appeal;

45. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties;

## COUNT II

**Declaratory Judgment that the Federal Regulations require a HIPPA compliant authorization to disclose VA records to a third party**

46. The Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint;

47. The Plaintiff was unable to release the Malo/Jeffs files to a third party pursuant to 38 USC §7332, 38 CFR §1.576, 45 CFR §160, 164, et al;

48. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties;

## **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgement as follows:

1. A declaration that the information provided to the District Court in the Affidavit dated March 31, 2017 was pertinent to the Motion to Vacate as it explained the large gaps in the Brennan Sibling's inaction in addressing the dismissal of Mr. Brennan's Social Security Appeal.

2. A declaration that Plaintiff was unable to release the Malo/Jeffs files to a third party pursuant to 38 USC §7332, 38 CFR §1.576, 45 CFR §160, 164, et al without a HIPPA compliant authorization;

3. Any further relief to which the Plaintiff may be entitled.
.

Dated:  Boston, Massachusetts

January 21, 2020

By Plaintiff's Attorney,

"/s/ Michael Kelley"
Michael Kelley, Esq.
BBO# 567329
44 School Street, Suite 815
Boston, MA 02108
Tel: (617) 523-1450