UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL J. KELLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-10135-IT |
| | * | |
| MASSACHUSETTS BOARD | * | |
| OF BAR OVERSEERS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER
May 19, 2020

TALWANI, D.J

On January 23, 2020, Plaintiff Michael Kelley filed a Complaint [#1] against Defendant Massachusetts Board of Bar Overseers. That same day, the court issued summons and directed Plaintiff to "serve it in accordance with Fed. R. Civ. P. 4 and L.R. 4.1." Summons [#3]. Ninety days passed and the summons was not returned with proof of execution. On April 23, 2020, the court issued an Order to Show Cause [#4] why the case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) (2015) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.") and Local Rule 4.1(b) ("If on the 14th day following the expiration of the 90 day period good cause has not been shown [for the failure to make timely service] . . . the clerk shall forthwith automatically enter an order of dismissal"). Plaintiff neither responded by the May 7, 2020 deadline nor filed proof of execution of the summons.

On May 5, 2020, Attorney David Marks entered an appearance for Defendant. Notice of Appearance [#5]. On May 13, 2020, the court ordered Defendant's counsel to promptly notify

the court "if Defendant has been served, has waived service, or intends to waive any objection of insufficient service of process" and stated that, "[i]f Defendant has not been served, has not waived service, and is not waiving any objection of insufficient service of process, the court intends to dismiss this action in accordance with the Order to Show Cause." Elec. Ord. [#6]. On May 15, 2020, Defendant's counsel responded, informing the court that Defendant has not been properly served the summons or complaint and does not waive such service. Affidavit of Assistant Attorney General David R. Marks ¶ 3 [#7-1]. Counsel reported further that, to his knowledge, Plaintiff "has not inquired of, or communicated with, the Board of Bar Overseers regarding completing service of process or waiving any such requirements," and that although the Office of the Attorney General has been "operating with a skeleton staff" since March 12, 2020, "on site and mail and other correspondence has been infrequently but regularly reviewed by staff in the office" and Defendant's counsel has "not been informed that the Summons and Complaint has been served on the Office in any manner." Id. at ¶¶ 8, 10 (citing Mass. R. Civ. P. 4 (d) (3) (service of Summons and Complaint naming as defendant Commonwealth of Massachusetts or an agency thereof must be made on both the agency and the Boston office of the Attorney General, and may be made by certified or registered mail)).

In light of Plaintiff's failure to properly complete service of the summons on Defendant or otherwise respond to the court's April 23, 2020, Order to Show Cause [#4], this action is DISMISSED without prejudice.

IT IS SO ORDERED.

Date:   May 19, 2020                                /s/ Indira Talwani
                                                    United States District Judge